HURST and others *v.* COLEY.[1]

*(Circuit Court, S. D. Georgia, W. D.   1884.)*

**EXPENSES OF REALIZING ON COLLATERALS—WHEN CHARGEABLE AGAINST DEBTOR.**
Where collaterals are delivered to a creditor for the purpose of securing a debt, and the creditor redelivers them for collection to the debtor's agent in pursuance of an arrangement made with the debtor, and where the creditor is compelled to bring suit against such agent for the recovery of the collaterals, or their proceeds, the creditor is entitled to deduct from the amount recovered in such suit reasonable expenses thereof, before applying the amount to the debt. It is otherwise if the creditor delivered them to the agent as *his* agent, or where the suit was unnecessary.

Action on two promissory notes signed "J. A. D. Coley, Agt.," and on which there was due $1,500.

The plaintiff offered in evidence, in connection with the notes, an instrument signed by Charlotte T. Coley, the principal, directed to the plaintiffs, in which she authorized them to credit her husband as her agent, and stating that she would be responsible for all debts so created, and that her separate estate should be bound thereby. The original indebtedness consisted of other notes besides those introduced in evidence. The testimony disclosed the fact that, at the time of the creation of the indebtedness, J. A. D. Coley, agent, transferred to the plaintiffs, as collateral security for the indebtedness, a considerable amount of planters' notes. About the time these notes matured, the plaintiffs redelivered these collaterals into the hands of J. A. D. Coley, to be by him collected, and the proceeds of which were to be applied to the payment of the debt of the plaintiffs. Whether they were delivered to him as agent of plaintiffs or defendant, the evidence was conflicting. Considerable collections were made by J. A. D. Coley, but he failed to account for the same, and the plaintiffs thereupon brought action against him of trover for the notes. This case is reported in 15 FED. REP. 645. The judgment recovered in that case was paid, and the plaintiffs credited on the notes of J. A. D. Coley, agent, the net amount of the judgment; that is, the amount of the judgment, less the counsel fees paid in the case, and less the actual

---

[1] Reported by Walter B. Hill, Esq., of the Macon, Georgia, bar.

expenses of the plaintiffs in attending upon the trial of the case. The only question at issue in this case was whether or not the plaintiffs were entitled to make these deductions, or whether they were compelled to credit on the indebtedness of Mrs. Charlotte T. Coley the full amount recovered in the trover case against J. A. D. Coley.

Hill & Harris and J. A. Thomas, for plaintiffs, cited Ga. Code, § 2146; 14 Amer. Law Rev. 697; 10 Cent. Law J. 237.

Lanier & Anderson, for defendants.

LOCKE, J., (charging jury.) The only question of law which arises, in this case is in regard to the allowance of the expenses of the trover suit prosecuted by the plaintiffs against J. A. D. Coley. If you believe from the evidence that the collateral notes which had been delivered to Hurst, Miller & Co. were returned to J. A. D. Coley as agent of Charlotte T. Coley, and as the original holder of said notes, because he was her agent, and in fulfillment of an agreement and understanding had with him as her agent at the time of the delivery of them to the agent of Hurst, Miller & Co. for collection, and that the bringing of this suit was reasonable and necessary to protect the interests of Hurst, Miller & Co., and that the amounts were reasonable and just, and actually expended, you will find for the full amount sued for; but if you believe that said notes were delivered to J. A. D. Coley as agent of Hurst, Miller & Co., and not at all on account of J. A. D. Coley's connection with Charlotte T. Coley as her agent, and not as agent of Charlotte T. Coley, or that the suit against J. A. D. Coley was unnecessary and consequently unjust, you will find for the plaintiffs simply the amount due on the original indebtedness, less the actual amount received by them on the judgment against J. A. D. Coley.